IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Thomas R. Lee, )
    Petitioner, )
  )
v. ) 1:10cv240 (JCC/IDD)
  )
Gene Johnson, )
    Respondent. )

MEMORANDUM OPINION

Thomas R. Lee, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of abduction and armed burglary entered on a guilty plea in the Circuit Court of Mecklenburg County, Virginia. On September 7, 2010, respondent filed a Motion to Dismiss and Rule 5 Answer, along with a supporting brief and exhibits. Lee was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he filed two replies, captioned as a memorandum and a "rebuttal and objections." For the reasons that follow, respondent's Motion to Dismiss will be granted, and Lee's petition will be dismissed. Also pending are petitioner's Motion for Writ of Habeas Corpus Pursuant to Morris v. Smyth and Motion to Strike Motion to Dismiss for Fraud Upon the Court, both of which will be denied.

## I. Background

On March 23, 2007, Lee entered Alford pleas of guilty[1] to charges of armed burglary and abduction. The victim in both instances was his estranged wife, Angela Poythress-Lee. The charges

---

[1] North Carolina v. Alford, 400 U.S. 25 (1970).

1

arose from an incident that occurred in the early morning of October 26, 2005, when Lee forced his way into the home of Ms. Poythress-Lee, who was five months pregnant at the time, and threatened her at knifepoint. Specifically, Lee slashed and stabbed various items of property throughout the house, threatened to cut the victim's eyeballs out, and said he would kill her and her dog. After Lee ordered the victim to gather up the telephones in the house, she was able to call 911, and many of Lee's threats were recorded. Eventually the victim was able to escape from the home unharmed and lock herself in her automobile before Lee caught up to her and began stabbing at the car. The victim drove immediately to a police station and reported the incident. Tr. 3/23/07, Resp. Ex. 9 at 32 - 39.

As a result of his convictions, Lee was sentenced on June 7, 2007 to serve thirty-five (35) years in prison, with twenty-eight (28) years suspended. Case Nos. CR06-000448-00 and -01; Resp. Ex. 1. Lee appealed his conviction, arguing that his right to be free of double jeopardy was violated when evidence which previously had been used to obtain an assault conviction was presented in support of the abduction charge. The Court of Appeals of Virginia denied the appeal on December 28, 2007. Lee v. Commonwealth, R. No. 1927-07-2 (Va. Ct. App. Dec. 28, 2007); Resp. Ex. 2. Lee's petition for further review by the Supreme Court of Virginia was refused on June 28, 2008. Lee v. Commonwealth, R. No. 080216 (Va. Jun. 23, 2008); Resp. Ex. 3.

Lee subsequently filed a petition for a state writ of habeas corpus with the Supreme Court of Virginia, followed by an amendment to the petition, which collectively raised twelve claims for relief. By Order entered October 7, 2009, the petition was dismissed. Lee v. Dir., Dep't of Corrections, R. No. 374405 (Oct. 7, 2009); Resp. Ex. 7.

Lee timely filed the instant federal petition on February 22, 2010,[2] reiterating the same claims he presented to the Supreme Court of Virginia in the state habeas proceeding, as follow:

1. Ineffective assistance of counsel where his attorney failed to investigate the victim's prior history of domestic violence against her first husband.

2. Ineffective assistance of counsel where his attorney failed to challenge the accuracy of the grand jury indictment.

3. Ineffective assistance of counsel where his attorney failed to challenge the amendment of the indictment.

4. Ineffective assistance of counsel where his attorney failed to challenge the arbitrary and discriminatory enforcement of Va. Code § 18.2-89 by the Commonwealth and the trial court.

5. Ineffective assistance of counsel where his attorney failed to challenge subject matter jurisdiction on the ground that the house belonged to him.

6. The evidence was insufficient to sustain the conviction.

7. The Commonwealth and the trial court enforced Va. Code § 18.2-89 in an arbitrary and discriminatory manner.

8. His right to a speedy trial was violated, and counsel rendered ineffective assistance by failing to object on that basis.

9. Ineffective assistance of counsel where his attorney failed to object to prosecutorial misconduct after the

---

[2] A pleading submitted by an incarcerated person is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Here, Lee certified that he placed his petition in the prison mail system on February 22, 2010, Pet. at 16, and the petition was date-stamped as received by the Clerk on March 12, 2010. Pet. at 1.

prosecutor used the victim's maiden name on the indictment.

10. Ineffective assistance of counsel where his attorney failed to challenge the pre-indictment delay.

11. Ineffective assistance of counsel where his attorney failed to object when the Commonwealth deceived the grand jury.

12. His plea of guilty was coerced by counsel, and the trial court erred in accepting the plea.

Respondent has filed a Rule 5 Answer and a Motion to Dismiss, along with the notice required by Roseboro, 528 F.2d at 309, and petitioner has filed two replies. Based on the pleadings and record before this Court, it is uncontested that Lee exhausted his present claims in the state forum, as required under 28 U.S.C. § 2254.[3] Accordingly, this matter is now ripe for review.

## II. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is "contrary to" or "an unreasonable application of" federal law requires an independent review of each

---

[3]Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia first must have presented the same factual and legal claims raised in his federal habeas corpus application to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995).

4

standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id, at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

### III. Analysis

In his first several claims, Lee argues that he received ineffective assistance of trial counsel for various reasons. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in

5

scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

The two-part Strickland test also "applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58 (1985). In the context of a guilty plea, the "performance" prong of the Strickland test 'is nothing more than a restatement of the standard of attorney competence already set forth in . . . McMann v. Richardson,' 397 U.S. 759, 771 (1970), that is, whether the advice of counsel "was within the range of competence demanded of attorneys in criminal cases." Id. at 58-59. With regard to the "prejudice" prong in the context of a guilty plea, a petitioner must show that, "but for counsel's errors, he would not have pleaded guilty and would

have insisted on going to trial." Id. at 59. In reviewing a petitioner's claim of ineffective assistance of counsel regarding a guilty plea, "the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Declarations made "in open court carry a strong presumption of veracity," and "the subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Id. at 74. Thus, absent clear and convincing evidence to the contrary, a defendant is bound by his representations at a plea colloquy concerning the voluntariness of the plea and the adequacy of his representation. Beck v. Angelone, 261 F.3d 377, 396 (4th Cir. 2001).

In his first claim, Lee contends that he received ineffective assistance of counsel when his attorney failed to investigate mitigating evidence in the form of the victim's prior history of domestic violence against her first husband. When Lee raised this same claim in his petition for state habeas relief, the Supreme Court of Virginia found it to be without merit for the following reasons:

> In claim (a), petitioner alleges he was denied the effective assistance of counsel because counsel failed to investigate mitigating evidence. Petitioner claims he asked counsel to investigate the victim's prior history of domestic violence against her first husband, and contends that this information would have demonstrated that the victim had a pattern of misusing the sheriff's department.
>
> The Court rejects claim (a) because petitioner failed to offer a valid reason why he should not be bound by his representation at trial that his counsel's performance was adequate.

Lee v. Dir., supra, slip. op. at 1 - 2.

Review of the record reveals that the foregoing holding was based on an reasonable

determination of the facts. 28 U.S.C. § 2254(d). At the plea colloquy, Lee acknowledged that he had discussed both the charges and any possible defense he might have with his attorney. Resp. Ex. 9 at 30. He further stated that he had discussed with counsel whether he should plead guilty or not guilty. Id. at 31. When asked by the Court whether he was satisfied with the services of his attorney representing him in this matter, Lee responded, "Yes, sir." Id. at 50-51. As he has failed to come forward with clear and convincing evidence to the contrary, Lee is bound by this representation, Beck, 261 F.3d at 396, and he thus cannot satisfy the prejudice prong of the Strickland test by demonstrating that but for counsel's asserted error, he would have insisted on going to trial. Cf. Hill, 474 U.S. at 58. Therefore, the state court's rejection of claim one was in accord with this controlling federal authority, and the same result is compelled here. Williams, 529 U.S. at 412-13.

Moreover, the Supreme Court of Virginia also had before it the affidavit of petitioner's trial counsel, Leslie E. Schneider, who attested that Lee had advised counsel about the victim's alleged assault of her first husband, and that counsel "fully investigated the case and determined that this was not an issue that we wanted to pursue in defense. It had no relevance to the assault committed by Lee upon his estranged wife. ... After reviewing the evidence with [Lee] he decided not to pursue that avenue of defense." Resp. Ex. 8, ¶ 1. It is well established in federal jurisprudence that "'strategic choices made [by counsel] after thorough investigation ... are virtually unchallengeable....'" Gray v. Branker, 529 F.3d 220, 229 (4th Cir.), cert. denied, 129 S. Ct. 1579 (2009), quoting Strickland, 446 U.S. at 690-91. In particular, "[w]here a defendant, fully informed of the reasonable options before him, agrees to follow a particular strategy at trial, that strategy cannot later form the basis of a claim of ineffective assistance of counsel." United States v. Weaver, 882 F.2d 1128, 1140 (7th Cir. 1989). For these reasons, claim one of this petition is without merit and must be dismissed.

In his second claim, Lee contends that counsel provided ineffective assistance by failing to challenge the accuracy of the grand jury indictment on the ground that it listed the victim by her maiden name and did not indicate that the house where the crimes took place was their home where they lived together. First, Lee's contention in this regard appears to be factually inaccurate, as counsel attested that her investigation revealed that the dwelling belonged to the wife, it was in her name alone, and Lee had no ownership interest in it. Resp. Ex. 8, ¶ 2. Moreover, the Supreme Court of Virginia again rejected the claim on the ground that Lee failed to offer a valid reason why he should not be bound by his representation at trial that his counsel's performance was adequate. Lee v. Dir., supra, slip. op. at 2. As that determination was both factually reasonable and in accord with applicable federal authority, Hill, 474 U.S. at 58, the same result must be reached here. Williams, 529 U.S. at 412-13.

In claim three, Lee asserts that counsel rendered ineffective assistance by failing to object when the Commonwealth moved to amend the indictment to reflect the victim's married name. First, any objection to the amendment would have been futile, since Va. Code § 19.2-231 provides that a court may permit amendment of an indictment at any time before the accused is found guilty or not guilty, provided the amendment does not change the nature or character of the offense charged. Moreover, the Supreme Court of Virginia denied this argument because Lee failed to offer a valid reason why he should not be bound by his representation at trial that his counsel's performance was adequate. Lee v. Dir., supra, slip. op. at 2. As that determination was both factually reasonable and in accord with applicable federal authority, Hill, 474 U.S. at 58, the claim likewise must be rejected here. Williams, 529 U.S. at 412-13.

In his fourth claim, Lee faults his counsel for failing to challenge what Lee characterizes as

9

the arbitrary and discriminatory enforcement of Va. Code § 18.2-89, because the dwelling was his home and he was within his rights to be there. However, as noted above, counsel's investigation had shown that, to the contrary, the house belonged to the victim alone. At the plea colloquy, the prosecutor during his recitation of the facts stated that Lee and his wife were physically separated, and that Lee was no longer living in the home. The house "had always belonged to Angela Poythress alone," and she had excluded Lee from living there or being there two to three weeks before the crimes at issue occurred. Resp. Ex. 9 at 32. Thus, it is evident that any challenge to the charges based on Lee's alleged co-ownership of the home or his co-habitation there would have been appropriately rejected, and counsel cannot be deemed ineffective for failing to make frivolous motions. Moody v. Polk, 408 F.3d 141, 151 (4th Cir. 2005). In addition, as before, the Supreme Court of Virginia denied this claim on the ground that Lee failed to offer a valid reason why he should not be bound by his representation at trial that his counsel's performance was adequate. Lee v. Dir., supra, slip. op. at 2. As that holding was both factually reasonable and in accord with applicable federal authority, Hill, 474 U.S. at 58, the claim also must be denied here. Williams, 529 U.S. at 412-13.

In his fifth claim, Lee alleges that his attorney rendered constitutionally deficient performance by failing to recognize and challenge the trial court's lack of subject-matter jurisdiction. According to Lee, since burglary requires breaking and entering of the dwelling of another person, he could not be guilty of breaking into his own home. Again, however, because Lee in fact had no ownership in the house and had been ordered to leave by the victim, there was no basis on which to raise the argument Lee now suggests, and counsel was not ineffective for failing to do so. Moody, 408 F.3d at 151. Also, the Supreme Court of Virginia determined that Lee failed to offer a valid reason why

he should not be bound by his representation at trial that his counsel's performance was adequate. Lee v. Dir., supra, slip. op. at 2 - 3. As before, since that ruling was factually reasonable and in accord with applicable federal authority, Hill, 474 U.S. at 58, Lee is entitled to no relief on the claim here. Williams, 529 U.S. at 412-13.

In his sixth claim, Lee argues that the evidence was insufficient to sustain the conviction because he could not be found guilty of burglarizing his own home. The Supreme Court of Virginia rejected this position on the holding that a voluntary and intelligent guilty plea waives all non-jurisdictional defenses antecedent to the guilty plea. Lee v. Dir., supra, slip. op. at 3. That determination was squarely in accord with applicable federal law. See Tollett v. Henderson, 411 U.S. 258 (1973) (when a criminal defendant enters a guilty plea, he may not thereafter raise independent claims relating to deprivation of constitutional rights that antedated the plea, but may only attack the voluntary and intelligent character of the plea itself); United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993) (voluntary plea waives all nonjurisdictional defects). Consequently, Lee is entitled to no relief on his sixth claim. Williams, 529 U.S. at 412-13.

In claim seven, Lee contends that the trial court and the Commonwealth arbitrarily and discriminatorily enforced the burglary statute in charging and convicting him of armed burglary. As with Lee's preceding argument, the Supreme Court of Virginia found that this claim concerning a non-jurisdictional defense was foreclosed by Lee's voluntary and intelligent guilty plea. Lee v. Dir., supra, slip. op. at 3. Here too, then, Lee cannot prevail on his claim. Williams, 529 U.S. at 412-13.

In claim eight, Lee argues both that his right to a speedy trial was violated, and that counsel was ineffective for failing to object to that violation. As to the first portion of this claim, the Supreme Court of Virginia's finding Lee's voluntary and intelligent guilty plea waived the speedy

trial argument, see Lee v. Dir., supra, slip. op. at 3, precludes federal relief as well. Williams, 529 U.S. at 412-13.[4] As to Lee's corollary argument that counsel provided ineffective assistance when no objection to the alleged speedy trial violation was interposed, the Supreme Court of Virginia rejected his position on the ground that he failed to offer a valid reason why he should not be bound by his representation at trial that his counsel's performance was adequate. Lee v. Dir., supra, slip. op. at 3 - 4. As that holding was both factually reasonable[5] and in accord with applicable federal authority, Hill, 474 U.S. at 58, Lee is entitled to no federal relief on the claim. Williams, 529 U.S. at 412-13.

In claim nine, Lee alleges that he was denied effective assistance of counsel where his attorney failed to object to what Lee characterizes as prosecutorial misconduct when the victim's maiden name was used in the indictment. The Supreme Court of Virginia rejected his argument on the ground that Lee failed to offer a valid reason why he should not be bound by his representation at trial that his counsel's performance was adequate. Lee v. Dir., supra, slip. op. 4. As that holding was factually reasonable, as discussed above, and was in accord with applicable federal authority, Hill, 474 U.S. at 58, the same result must ensue here. Williams, 529 U.S. at 412-13.

---

[4]The Court does not agree with the respondent's position that the speedy trial issue is not federally cognizable. See Kane v. Virginia, 419 F.2d 1369, 1371 (4th Cir. 1970) ("There can be no doubt that the writ may be issued by federal courts to release a prisoner who has been convicted in violation of his right to a speedy trial, even though the delay resulted from his detention in another state.").

[5]The record demonstrates that Lee was serving a sentence in North Carolina when he received a fugitive warrant for the abduction charge in Mecklenberg County. He waived extradition on September 21, 2006, the same date he was returned to Virginia. Resp. Ex. 10. He did not exercise his rights under the detainer act by requesting trial on the charges. Cf. Va. Code § 53.1-210. After Lee arrived in Virginia, two continuances were granted that were chargeable to the defense for a total of 60 days, so when Lee entered his plea on March 23, 2007, his trial commenced well within the five-month speedy trial window.

In claim ten, Lee contends that he received ineffective assistance of counsel because his attorney failed to challenge the pre-indictment delay concerning the burglary charge. Again, the Supreme Court of Virginia found Lee could not prevail on this claim because he offered no valid reason why he should not be bound by his representation at trial that his counsel's performance was adequate. Lee v. Dir., supra, slip. op. 4. That holding was factually reasonable, because Lee failed both in the state forum and here to explain either the nature of the pre-indictment delay nor the prejudice he suffered as a result. It was also in accord with applicable federal authority. Hill, 474 U.S. at 58. Therefore, Lee likewise can receive no federal relief on the claim. Williams, 529 U.S. at 412-13.

In claim eleven, Lee charges counsel with providing ineffective assistance by failing to object when the Commonwealth deceived the grand jury and ignored evidence that proved that Lee had a right to be in the residence where the crimes occurred. However, as discussed above, the record reveals that, to the contrary, the house belonged solely to the victim, and she had ordered Lee to leave the premises two or three weeks before the incident ast issue occurred. Resp. Ex. 9 at 32. Under such circumstances, the holding of the Supreme Court of Virginia that Lee had offered no valid reason why he should not be bound by his representation at trial that his counsel's performance was adequate was factually reasonable and in accord with controlling federal authorities, Blackledge, 431 U.S. at 73-74, so the claim also warrants no federal relief. Williams, 529 U.S. at 412-13.

In his twelfth claim, Lee argues that his guilty plea was coerced by counsel, and the trial court erred in accepting the plea. According to Lee, counsel's coercion consisted of deceiving Lee regarding his appellate rights and rushing him into making a decision about entering his Alford plea. When Lee made this same contention to the Supreme Court of Virginia, it rejected it on the

following holding:

> In a portion of claim (5) of the amended petition, petitioner alleges he was denied the effective assistance of counsel during the plea process because counsel deceived petitioner regarding his appellate rights.
>
> The Court holds that this portion of claim (5) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984). The record, including the trial transcript, demonstrates that the court clearly explained to petitioner what his appellate rights were prior to accepting his plea, and petitioner stated that he was satisfied with the services of his counsel. In addition, petitioner fails to allege that he desired an appeal. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, he would have pleaded not guilty, would have proceeded to trial, and the outcome of the proceedings would have been different. Hill v. Lockhart, 474 U.S. 52, 59 (1985).
>
> In another portion of claim (5) of the amended petition, petitioner alleges he was denied the effective assistance of counsel because counsel rushed petitioner into a making a decision about entering an Alford plea.
>
> The Court rejects this portion of claim (5) of the amended petition because petitioner failed to offer a valid reason why he should not be bound by his representation at trial that his counsel's performance was adequate and that his guilty plea was voluntary and there is no evidence identified by petitioner that would support the contrary conclusion that the plea was involuntary.

Lee v. Dir., supra, slip. op. at 5 - 6. Review of the transcript of the plea proceeding reveals that, as the state court determined, Lee was fully apprised that if he entered a guilty plea, he retained the right to appeal the denial of his motion in limine, but that otherwise he waived his right to appeal decisions by the trial court, such as the length of his sentence. Lee stated that he understood. Resp. Ex. 9 at 52. Lee further acknowledged that the decision to enter a plea of guilty was his own. Id. at 31. The Court found that the evidence of Lee's guilt was "overwhelming and substantial," and that

14

Lee had "intelligently concluded it is in his best interest to enter these Alford pleas of guilty." Id. at 49. Consequently, the Supreme Court of Virginia's finding that Lee had failed to demonstrate that but for counsel's asserted errors he would have elected to proceed to trial is supported by the record, and its determination that Lee therefore had not shown his counsel's efforts to have been ineffective is in accord with the controlling federal authority upon which it expressly relied. Hill, 474 U.S. at 59. Therefore, that same outcome is compelled here. Williams, 529 U.S. at 412-13.

In the final portion of his twelfth claim, Lee contends that the trial court erred in accepting his plea because he told the court during the colloquy that he was not guilty of the charges. However, careful review of the transcript reveals that Lee was not confused about the actual nature of his plea or why he was entering it, but that he experienced some difficulty in articulating the concept of an Alford plea. When the Court first inquired if Lee was pleading guilty because he in fact was guilty, he responded, "No. I am sorry. I am not guilty. It is conditional Alford pleas." Resp. Ex. 9 at 31. Later, after the Commonwealth proffered its evidence, the following exchange occurred:

> THE COURT: Are you pleading guilty because this is the Commonwealth's evidence and you don't want to take the risk that the jury would find you guilty beyond a reasonable doubt and you would receive more sentence than you are going to receive under this plea?
>
> LEE: No.
>
> * * *
>
> THE COURT: Listen to the question. Sir, do you want to tell me in your own words why you are entering these pleas?
>
> LEE: Yes, Your Honor, because I feel I am not admitting to guilt because of the Alford pleas, but I believe I don't have much of a choice with what has been presented here, with the way the law is set up here and what the jury is capable of giving me for this, and, I

15

> mean, it is just unreasonable to me. I don't believe it is fair in any way, shape or form, but I am not admitting guilt, but I believe that the system has enough to convict, however you want to put it.

Resp. Ex. 9 at 41 - 42.

It is well settled that entry of a guilty plea must be an informed and intelligent decision. See Boykin v. Alabama, 395 U.S. 238, 242 (1969). To establish that his guilty plea did not meet that standard, a defendant bears the burden of demonstrating that "his mental faculties were so impaired . . . when he pleaded that he was incapable of full understanding and appreciation of the charges against him, of comprehending his constitutional rights and of realizing the consequences of his plea." Shaw v. Martin, 733 F.2d 304, 314 (4th Cir. 1984) (quoting United States v. Truglio, 493 F.2d 574, 578 (4th Cir. 1974)). On the other hand, a guilty plea is valid if it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." Beck, 261 F.3d at 394. Here, for the reasons it expressed, the Supreme Court of Virginia's determination that Lee's plea was voluntary was factually reasonable, and was in accord with these applicable federal principles. Accordingly, federal relief is not warranted on the final claim of this petition. Williams, 529 U.S. at 412-13.

### IV. Petitioner's Motions

In his Motion for Writ of Habeas Corpus Pursuant to Morris v. Smyth, Lee argues that he is entitled to the issuance of the writ of habeas corpus because the respondent "remained silent" and thereby "admitted the truth of" Lee's claims. To the contrary, as discussed throughout this Opinion, respondent has opposed each of petitioner's claims for legally compelling reasons. Accordingly, petitioner's motion will be denied.

Also incorporated with petitioner's Motion for Writ of Habeas Corpus Pursuant to Morris

v. Smyth is a prayer for an evidentiary hearing. As petitioner's claims can be thoroughly addressed on the existing record, and because he otherwise is not entitled to evidentiary development of his claims, his request for an evidentiary hearing is without merit and will be denied. Conaway v. Polk, 453 F.3d 567, 582 (4th Cir. 2006); Green v. Johnson, 431 F. Supp.2d 601, 608-17 (E.D. Va. 2006).

In his Motion to Strike Motion to Dismiss for Fraud Upon the Court, petitioner argues that respondent in his Motion to Dismiss has "willfully and deliberately and unlawfully misstated the facts and law." For the reasons already discussed in this Opinion, the Court finds that the respondent's discussion accurately reflects the contents of the state court records and contains legally appropriate and meritorious argument. Accordingly, petitioner's Motion to Strike will be denied.

### V. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss will be granted, and this petition for habeas corpus relief will be dismissed with prejudice. Petitioner's pending motions will be denied. An appropriate Order shall issue.

Entered this 8th day of MARCH 2011.

Alexandria, Virginia

/s/
James C. Cacheris
United States District Judge